UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| AMMAR ABUKHDEIR, individually, and ) <br> AMMAR ABUKHDEIR and ) <br> SUSAN ABUKHDEIR, as husband and wife ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> S & B TRUCKING and ) <br> ARTHUR STURGEON, ) <br> ) <br> Defendants. ) | Case No. 2:06CV00026MLM |

## **MEMORANDUM OPINION**

This matter is before the court pursuant to the Motions to Dismiss filed by Defendants Arthur Sturgeon and S & B Trucking (jointly, "Defendants"). Doc. 7, Doc. 8. Plaintiffs Ammar Abukhdeir and Susan Abukhdeir (jointly, "Plaintiffs") filed a Response and a Supplemental Response. Doc. 12, Doc. 13. Defendants filed a Reply. Doc. 14. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). Doc. 11.

### **LEGAL STANDARD FOR A MOTION TO DISMISS**

A court may dismiss a cause of action for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claim." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). See also Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982) (a complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations). The court must review the complaint most favorably to the plaintiff and take all well-pleaded allegations

as true to determine whether the plaintiff is entitled to relief. Conley, 355 U.S. at 45-46.  A dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff has presented allegations that show on the face of the complaint that there is some insuperable bar to relief. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

## DISCUSSION

On or about July 27, 2005, Plaintiffs previously filed suit for personal injuries against Defendants Sturgeon and S & B Trucking as well as against other parties in the Circuit Court of Baltimore City, Maryland.  Def. Ex. A.  In their Maryland lawsuit Plaintiffs sought damages for personal injuries resulting from an accident which occurred on August 12, 2003, in Springfield, Virginia, in which Plaintiff Ammar Abukhdeir was injured while working at a construction site.  In particular, Plaintiffs alleged that Plaintiff Ammar Abukhdeir was injured when metal trusses fell from a tractor-trailer which was owned, operated and under the control of Defendants Sturgeon and S & B Trucking.  On January 4, 2006, the Circuit Court of Baltimore City dismissed for lack of jurisdiction the lawsuit before it as to the Defendants Sturgeon and S & B Trucking. Def. Ex. B.

On April 24, 2006, Plaintiffs filed the Complaint in the matter under consideration naming Defendants Sturgeon and S & B Trucking and seeking damages for their personal injuries resulting from the August 12, 2003 accident.[1]

Defendants contend that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs' cause of action is barred by

---

[1] In Counts I and II Plaintiffs allege negligence against Defendant S & B Trucking and Defendant Sturgeon, respectively, and in Count IV they allege loss of consortium. In Count III Plaintiffs allege that Defendant S & B Trucking is liable based on respondeat superior.

Virginia's two year statute of limitations.[2] Plaintiffs contend that Maryland's three year statute of limitations applies and that, as such, the matter before this court was timely filed. Plaintiffs contend that although the accident which is the subject of this lawsuit took place in Virginia, Missouri's borrowing statute provides that Maryland's statute applies because Plaintiffs' claims involve "acts and omissions that occurred in Maryland" and that Defendants "received and failed to heed instructions given in Maryland regarding the unloading of the steel trusses that ultimately caused Plaintiff's injuries." Doc. 12 at 1.

The parties do not dispute that the accident at issue occurred in Virginia and that Missouri's borrowing statute, Mo. Rev. Stat. §516.190, is determinative of whether the statute of limitations of Virginia or that of Maryland applies. Mo. Rev. Stat. §516.190 states that "[w]henever a cause of action has been fully barred by the laws of the state, territory or country in which it *originated*, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state." (emphasis added). Thus, the statute of limitations of the state in which this cause of action originated is applicable to this matter. The court must, therefore, determine where this cause of action originated.

Mo. Rev. Stat. 516.100 "determines ... where [a cause of action] accrues for the purpose of applying Missouri's borrowing statute,§ 516.190." Alvarado v. H & R Block, Inc., 24 S.W.3d 236, 241 (Mo. Ct. App. 2000). Mo. Rev. Stat. 516.100 specifically states that:

> [F]or the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the *damage resulting therefrom is sustained* and is capable of

---

[2] Defendants allege additional grounds upon which this matter should be dismissed. Because the court finds below that Defendants' Motions to Dismiss should be granted on the basis of their statute of limitations argument the court need not address the additional grounds upon which Defendants base their Motions to Dismiss.

3

ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained.

(emphasis added).

According to Plaintiffs' Complaint, Plaintiff Ammar Abukhdeir was working on a construction site in Springfield, Virginia, on August 12, 2003. At that time and place, Plaintiff alleges that a tractor-trailer loaded with metal trusses entered the construction site and the trusses fell from the truck resulting in injury to Plaintiff Ammar Abukhdeir. As such, Plaintiffs' Complaint alleges that Plaintiff Ammar Abukhdeir sustained, in the State of Virginia, the injuries which are the subject of this lawsuit. Upon application of Mo. Rev. Stat. § 516.100, therefore, according to Plaintiffs' Complaint *the damage* resulting from Defendants' negligence *was sustained in Virginia*. Missouri's borrowing statute, Mo. Rev. Stat. §516.190, requires under such circumstances that Virginia's two year statute of limitations applies to Plaintiffs' cause of action. See Alvarado, 24 S.W.3d at 241

Plaintiffs contend that the rule of law articulated in Alvarado, 24 S.W.3d at 241, and set forth above, is no longer valid for purposes of applying Missouri's borrowing statute,§ 516.190. Rather, Plaintiffs contend that the "most significant contacts" standard is applicable for determining the applicable statute of limitations; that while Plaintiff Ammar Abukhdeir was injured in Virginia, Virginia has "absolutely no other connection or relevant contacts to the parties"; that "the gravamen of the tort began in Maryland"; that Plaintiffs and "all of the other defendants are Maryland residents"; and that, therefore, under the "most significant contacts" standard this cause of action accrued in Maryland for purposes of § 516.190. Plaintiffs rely on Kennedy v. Dixon, 439 S.W.2d 173 (Mo. 1969), for this position.

First, Mo. Rev. Stat. § 516.100 unambiguously provides that for purposes of applying §516.190 a cause of action accrues where the injury is sustained, which in this case is Virginia. Second, Kennedy was decided in 1969 while Alvarado was decided in 2000 and is directly on point.

Third, the court in Kennedy held that because the accident at issue in that case occurred in Indiana, Indiana law governed the question of negligence. Fourth, the court in Kennedy only abandoned the doctrine of *lex loci delecti* in regard to the application of a guest statute. In Kennedy, which involved an automobile accident, the parties were residents of Missouri who made arrangements for their trip in Missouri. Under such circumstances, the Missouri court held that Missouri governed the host-guest relationship between the parties. Kennedy, therefore, is not on point.

The court finds, therefore, that Mo. Rev. Stat. §§ 516.100 and 516.190 require that this court apply two year statute of limitations of the State of Virginia rather than the three year statute of limitations of the State of Maryland. Because the accident which is the subject of this lawsuit occurred in excess of two years prior to the filing of Plaintiff's Complaint in this court, the court finds that Plaintiffs' cause of action is time barred.

## CONCLUSION

For the reasons more fully set forth above, the court finds that Plaintiffs' Complaint is barred by Virginia's two year statute of limitations and that, therefore, it should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions to Dismiss filed by Defendants are **GRANTED**; Doc. 7, Doc. 8.

**IT IS FURTHER ORDERED** that the Complaint filed by Plaintiffs is **DISMISSED**. Doc. 1.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of August, 2006.